Wolcott v. Jackson.

ESECK WOLCOTT, executor of the will of Eliza Harris, deceased,

v.

RUTH JACKSON.

1. A court of equity will not entertain a bill for a new trial in an action at law when the party seeking such relief can obtain it by application to the law court.

2. By the statute of 1885 (*Rev. Sup. p. 810*) the time within which an application for a new trial may be made to a law court is made co-extensive with that within which such an application may be made to a court of equity.

On motion to dismiss bill.

*Mr. Frank P. McDermott*, for the motion.

*Mr. James Steen* and *Mr. Robert Allen, Jr.*, for the complainant.

VAN FLEET, V. C.

The complainant's primary object in bringing this suit is to obtain a new trial on the ground of newly-discovered evidence. The material facts alleged in the bill are: The recovery by the defendant of a judgment against the complainant, in his representative capacity, on the 13th day of June, 1893, in the Monmouth pleas, for a little over $475, for services rendered by the defendant to the complainant's testatrix; a rule to show cause why a new trial should not be ordered was afterwards, on the application of the complainant, alleging, as his bill states, that he had obtained "additional evidence," granted, which, after argument, was discharged; the defence made to the defendant's action was, that the testatrix, a few days before her death, settled with the defendant and paid her in full and took her receipt written in testatrix's account-book; though the complainant made diligent search for the book containing this receipt, both before and after the trial, he was unable to find it, or to discover who had taken it, or what had become of it, but he has recently, and about the 1st of December, 1893, and after the discharge of the rule to show cause, discovered evidence which shows that the defendant, between the date when the testatrix died and the date when he took possession of her effects, fraudulently carried this book away from the house where the testatrix died to the house of another person, where it was destroyed by burning. This summary exhibits the complainant's whole equity.

It will be perceived that the newly-discovered evidence on which the complainant's bill rests, consists entirely of the alleged abstraction and destruction by the defendant of the book containing the receipt. The defendant, on notice pursuant to paragraph 213 of the Rules, moves to dismiss the bill on three grounds. As one of them, in my judgment, disentitles the complainant to maintain this action, that one alone will be considered. It is this: As the law now stands, the complainant has an adequate and complete remedy at law; or, stated in another form, if he can establish a case which will entitle him to a new trial, he can obtain it on application to the court which pronounced the judgment against him. And it is manifest that if

Wolcott v. Jackson.

he can get adequate relief there, there is great propriety in com-
pelling him to seek it there.   That court has the prior jurisdic-
tion, and cannot be ousted, according to established principle,
except it is made to appear that full and complete justice cannot
be done there.   The complainant's newly-discovered evidence
does show not an equitable but a legal defence.   The question
which its production will raise is one which the defendant has a
right, in the orderly and regular administration of justice, to
have determined by the verdict of a jury.   Consequently, if this
court took jurisdiction, and on final hearing it should appear
that the complainant was entitled to a new trial, it is plain, that
the only just and appropriate relief that could be administered,
would be to restrain the defendant from enforcing her judgment
unless she consented to a new trial at law.   *Cairo and Fulton
R. R. Co.* v. *Titus, 8 Stew. Eq. 384.*   To allow the forum of
litigation to be changed simply to try the question whether or
not a new trial shall be had, when that question can be just as
fully and fairly tried by the court which must try the case on
its merits, if a new trial should be ordered, would be, to speak
in the words of Lord Redesdale, just as unconscientious and
vexatious a proceeding " as to bring into a court of equity a dis-
cussion which might have been had at law."   *Bateman* v. *Wil-
loe, 1 Sch. & L. 201, 206.*

From the earliest times the cardinal rule of jurisdiction in this
class of cases has been, that where the remedy at law is adequate
equity will not interfere.   And it is only by a strict observance
of this principle that the boundaries of the two jurisdictions
can be properly maintained, and vexatious and ruinous litigation
prevented.   There was a time when the common-law courts of
England did not grant new trials.   During this period the
English court of chancery sometimes arrested the enforcement
of a judgment at law for the purpose of inquiring and deciding,
whether or not, a new trial should be had in order to prevent
serious wrong, but this power was always exercised with great
caution.   Since, however, the law courts of England and this
country have exercised the power of granting new trials, a part
of the original jurisdiction of courts of equity, in this class of

Wolcott v. Jackson.

cases, has become unnecessary and obsolete. The pertinent doctrine now in force in this state was declared by the court of errors and appeals, speaking by Mr. Justice Reed, in these words : " The disuse of bills for new trials results from the fact that, since the relaxation by the common-law courts of the rules for granting of new trials, scarcely any legal ground for a re-hearing can now be asserted in *a court of equity which may not be asserted with equal effect* in the common-law tribunals. As the courts of law have extended their jurisdiction over this sub-ject, courts of equity have in this instance withdrawn theirs, in accordance with the principle that, where a court of law can furnish an adequate remedy, equity will not interfere." *Hannon* v. *Maxwell, 4 Stew. Eq. 318, 329.* The words in italics have been interpolated, but it is quite evident that they or equivalent words formed part of the opinion as originally written.

It remains to be shown that the complainant has an adequate remedy at law ; in other words, that if he has discovered new evidence which entitles him to a new trial, he can obtain it by applying to the Monmouth pleas. Formerly it was a rule of practice of all the law courts of this state, that an application for a new trial, on the ground of newly-discovered evidence, must be made within the term at which the trial was had and not afterwards. While that rule was in force, it was competent for this court to entertain a bill for a new trial, in any case where the new evidence made a new trial necessary to the accomplish-ment of justice, and it was made to appear that the new evidence could not have been discovered, by the exercise of reasonable effort and diligence, in time to have been used on the trial or on an application to the law court for a new trial. Had equity not assumed jurisdiction in such cases, it is evident, that a defeated litigant in a suit at law, who, according to the real truth of the case, had right on his side, would have been remediless, and that is a condition of affairs which no enlightened system of juris-prudence will tolerate. But the rule of limitation above men-tioned has been abrogated. The period within which a law court may now grant a new trial. is quite as unlimited as that

Wolcott *v.* Jackson.

within which this court may do so. By a statute passed in 1885, it is enacted—

" That it shall not be necessary to file a bill in equity to obtain a new trial in an action at law, merely because the term in which the verdict was rendered has expired, but a new trial may be granted by a law court after the expiration of the term." *Rev. Sup. p. 810 § 12.*

There can be no question, I think, that if the complainant can establish a sufficient case, he can, by force of this statute, obtain a new trial in the Monmouth pleas. The time within which he must make his application is not defined or limited by the statute, but, in order to put an end to the litigation and to bring about a state of repose, he is required, by general principles of justice, to proceed with diligence and make his application within a reasonable time. The purpose of this statute, as I think is manifest on its face, is merely to extend the time within which a law court may entertain an application for a new trial, and not to curtail or diminish the jurisdiction of this court, but, as it is a rule of jurisdiction of this court, not to interfere in any case when an adequate remedy at law exists, even in cases where this court may exercise a concurrent jurisdiction with the law courts and a law court has already acquired jurisdiction, it would seem to be entirely clear, in a case of this kind, where a law court already has jurisdiction and the remedy at law is not only adequate but more expeditious and less expensive than that which this court can give, that this court should, in obedience to one of its own principles, decline jurisdiction.

The complainant's bill will be dismissed, with costs.